UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ZARATE,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>CLARK E. DUCART,<br><br>　　　　　　Respondent. | Case No. 14-cv-04007-JSC<br><br>**ORDER OF DISMISSAL AND DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, a California prisoner proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. He claims that the state court "abused its discretion" by treating his tort complaint as a petition for a writ of habeas corpus and then denying the petition. He wants this Court to reverse the state court's decision and remand the case to to state court for consideration of his motion for default judgment.

**BACKGROUND**

Petitioner originally filed his claims in a state tort complaint in Del Norte County Superior Court on November 2, 2007. (Dkt. No. 1-1.) The complaint included claims under 42 U.S.C. § 1983 concerning his gang inactivity reviews and the confiscation of two magazines. On August 15, 2008, the defendants removed the case to federal court pursuant to 28 U.S.C. § 1441(b). *See Zarate v. Tilton, et al.,* No. C 08-3896 SI (PR) (N.D. Cal.) (Dkt. No. 1.). On February 9, 2009, the federal court dismissed the federal claims on

1   the merits and remanded the case to state court to adjudicate the state law claims. (Dkt.
2   No. 10.) On March 15, 2013, the superior court issued an order clarifying that the only
3   remaining issue in the action "is the conditions of prisoner's confinement, i.e., gang
4   validation issues." The court then ruled: "The Court has reviewed these issues and finds
5   them without merit. Therefore, treating the case as a petition for a writ of habeas corpus;
6   the petition is denied." (Dkt. No. 1-2 at 6.) Petitioner thereafter filed a habeas petition in
7   the California Court of Appeal, which was summarily denied on July 11, 2013, and then a
8   habeas petition in the California Supreme Court, which was summarily denied on March
9   19, 2014. On September 3, 2014, he filed the instant petition claiming that the superior
10  court erred in converting his case to a habeas petition and denying the petition.

## DISCUSSION

A federal court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

It is clear from the petition that Petitioner is not entitled to federal habeas relief. Although the state court treated his remaining state law claims as a habeas petition, in federal court there is no habeas jurisdiction over his claims because Petitioner does not challenge his conviction or otherwise seek speedier release from custody. Federal "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003); *see also Blair v. Martel*, 645 F.3d 1151, 1157-58 (9th Cir. 2011) ("a request for an order directing a state court to hasten its consideration of an appeal belongs in a § 1983 complaint, not a habeas petition" because such claim does not necessarily spell speedier release). Because Petitioner's claims, even if successful, would not hasten his release from custody, they must be brought in federal court in a Section 1983 action, not in a federal habeas petition. In California state court, in contrast, a prisoner in custody can bring a habeas corpus petition to "challenge the conditions of confinement, a challenge related not to the petitioner's underlying conviction but instead to

his or her actual confinement." *People v. Villa,* 45 Cal.4th 1063, 1069 (2009).

Under these circumstances, this Court would ordinarily dismiss the petition without prejudice to Petitioner bringing his claims in a complaint under Section 1983. In this case, however, Petitioner has already had his Section 1983 claims adjudicated in federal court, where they were dismissed with prejudice after his original complaint was removed here. *See Zarate v. Tilton, et al.,* No. C 08-3896 SI (PR) (Dkt. No. 10). As a result, if Petitioner were to bring his claims again in a new Section 1983 complaint, they would be barred under the doctrine of res judicata. See *Montana v. United States*, 440 U.S. 147, 153 (1979) (under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action). As Petitioner's claims cannot proceed in a new Section 1983 action, the dismissal of the petition will be with prejudice.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED.[1]

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed to make a substantial showing that a reasonable jurist would find this Court's ruling debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 19, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. § 636(c). (Dkt. No. 1 at 7.)

3